UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAXIS BIOSCIENCE, LLC, a Delaware Limited Liability Company; and GLOBAL HEALTH GRID, LLC, a Delaware Limited Liability Company;<br><br>Plaintiffs,<br><br>v.<br><br>SABYENT, INC, a Florida Corporation, SABYENT MARKETING, INC., a Florida Corporation, and YESH PENDHARKAR, and DOES 1-10,<br><br>Defendants.<br><br>SABYENT MARKETING, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, LLC and GLOBAL HEALTH GRID, LLC,<br><br>Counter-Defendants. | Case No. CV 10-02255-GW (SHx)<br><br>[~~PROPOSED~~] ORDER APPROVING STIPULATED PROTECTIVE ORDER<br><br>Judge: Hon. Stephen J. Hillman<br>Courtroom: 550 (Roybal)<br><br>Complaint Filed: March 26, 2010 |

The parties to the above-captioned action having submitted their Stipulation to Entry of Protective Order for approval by the Court, and the Court being fully apprised of the premises, and good cause appearing, the Protective Order is hereby approved as follows:

1.  Any party may designate as subject to this stipulation and order (the "Protective Order") depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents or information produced by that party in response to informal discovery requests ("Discovery Materials") by stamping on or otherwise permanently affixing to such material (without obscuring or defacing the material) prior to its production the designation "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" ("Confidential Material Designation"). Either party may designate as Confidential Material only documents or information produced or provided by that party or any non-party to this action.

    (a)  Should any party, counsel for any party, or any person or entity not a party to this action who obtains access to Confidential Material pursuant to the terms hereof make copies or duplicates of such Confidential Material, or any portion thereof, and if the Confidential Material Designation is not clearly reproduced on the copies or duplicates as a result of the copying process, then the designation "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be stamped on or affixed to such copies or duplicates, and the references of this Protective Order to Confidential Material shall be deemed to include and to apply to such copies or duplicates.

    (b)  Should any party, counsel for any party, or any person or entity not a party to this action who obtains access to Confidential Material pursuant to the terms hereof make extracts or summaries of any Confidential Material, such extracts or

1  summaries shall also be stamped with the designation "CONFIDENTIAL" or
2  "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."
3        (c)    This Protective Order shall apply to all Confidential Material so
4  designated whether produced informally or in response to formal discovery.
5        (d)    This Protective Order shall not apply to or limit a party's use of its
6  own documents or information, or documents or information that were obtained by the
7  party independently of this action, or that have been made public by court order.
8        2.    The parties may further designate certain Confidential Material of an
9  extraordinarily high confidential and/or proprietary nature as "ATTORNEYS' EYES
10 ONLY" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY MATERIAL," or similar
11 designation, in the manner described in Paragraph 1, and this provision shall permit
12 parties to designate materials produced by non-parties as Confidential or Attorneys-
13 Eyes Only. If disclosure of this Confidential Material is made pursuant to this
14 paragraph, all other provisions in this order with respect to confidentiality shall also
15 apply, except where inconsistent with this paragraph.
16       3.    Discovery Material, including but not limited to Confidential Material,
17 shall not be used or disclosed, in whole or in part, directly or indirectly, by any person
18 granted access thereto under or as a result of the Protective Order, for any purpose or
19 to any person or entity whatsoever, except in connection with the preparation for
20 and/or prosecution or defense of this action.
21       4.    If a party disagrees with or challenges the grounds or basis for the
22 designation of any document or information as Confidential Material or Confidential-
23 Attorneys' Eyes Only Material, that party nevertheless shall treat and protect such
24 material as Confidential Material or Confidential-Attorneys' Eyes Only Material in
25 accordance with this Protective Order unless and until all parties shall have agreed in
26 writing, or an order of the Court shall have been entered, that provides that such
27 challenged Confidential Material or Confidential-Attorneys' Eyes Only Material may
28 be used or disclosed in a manner different from that specified for Confidential Material

or Confidential-Attorneys' Eyes Only Material in this Protective Order. In the event of such a disagreement, the parties shall try to resolve the dispute, in good faith and on an informal basis. If the dispute cannot be so resolved, the party seeking to disclose the information must notify the designating party, in writing, that it still disputes the designation. The designating party may within fifteen (15) business days of receipt of such written notice, move the Court for a ruling as to whether the disputed information constitutes Confidential Material or Confidential-Attorneys' Eyes Only Material as defined in paragraph(s) 1 and/or 2, above. If the designating party does not so move within 15 business days, or if the Court rules that the information does not constitute Confidential Material or Confidential-Attorneys' Eyes Only Material, then such information shall not be treated as Confidential Material or Confidential-Attorneys' Eyes Only Material subject to this Order; provided that pending the expiration of the 15-business day period, or a ruling by the Court if a motion is made within the 15-business day period, the information shall be treated as Confidential Material or Confidential-Attorneys' Eyes Only Material subject to this Order.

5.  Subject to the provisions of Paragraph 2 above, Confidential Materials may be disclosed by the receiving party only to the following persons:

(a) attorneys of record in this action, and any member, associate, employee, contract lawyer or paralegal of the firm where such attorney practices, and any employee of an independent photocopying service utilized by such attorney in this action;

(b) in-house counsel of the parties to this action;

(c) employees of the parties to this action, and consulting or testifying experts retained by counsel, where counsel in good faith believes that the Confidential Materials disclosed to such persons is relevant to the preparation and/or testimony of such persons or is otherwise necessary to this action;

(d) persons subpoenaed or otherwise called as a witness at a deposition or hearing in this action, where counsel in good faith believes that the Confidential

| | |
|---|---|
| 1 | Materials disclosed to such persons is relevant to the examination and/or testimony of |
| 2 | such persons or is otherwise necessary to this action; |
| 3 |      (e)    stenographic reporters involved in any deposition, hearing, trial or |
| 4 | other proceeding in this action; |
| 5 |      (f)    the Court in this action, and in any appeals therefrom, and Court |
| 6 | personnel; |
| 7 |      (g)    experts and consultants retained by the parties; and |
| 8 |      (h)    such other persons as hereafter may be designated by express |
| 9 | written stipulation of the parties or by further order of the Court; and |
| 10 | only, with the exception of persons identified in subparagraphs 5(a), 5(e) and |
| 11 | 5(f), if such persons agree to be bound by this Protective Order by signing a non- |
| 12 | disclosure agreement in the form attached hereto as Exhibit A. |
| 13 |      6.    Confidential-Attorneys' Eyes Only Material may only be disclosed to |
| 14 | persons as specified in subparagraphs 5(a), 5(b), 5(d), 5(e), 5(f), 5(g) and 5(h) , and |
| 15 | only, with the exception persons identified in subparagraphs 5(a), 5(e), and 5(f) if such |
| 16 | persons agree to be bound by this Protective Order by signing a non-disclosure |
| 17 | agreement in the form attached hereto as Exhibit A.  Copies of executed non- |
| 18 | disclosure agreements shall be maintained by counsel for the party disclosing the |
| 19 | Confidential Materials or Confidential-Attorneys' Eyes Only Material, and shall be |
| 20 | produced within 10 calendar days of a request by any other party.  In addition, the |
| 21 | parties agree that they may show software code designated as Confidential Attorneys- |
| 22 | Eyes Only to Yesh Pendharkar, Veeru Koritela, Suneel Kottamasu and Venkat Gurram |
| 23 | using a secure Relativity platform which does not permit the copying, editing, or |
| 24 | printing of the Attorneys-Eyes Only Confidential Material, provided those individuals |
| 25 | execute Exhibit A and do not copy, edit or print the Attorneys-Eyes Only Confidential |
| 26 | Material. |
| 27 |      7.    Without written permission from the designating party or a court order |
| 28 | secured after appropriate notice to all interested persons, a party may not file in the |

public record in this action any Confidential Materials or Confidential-Attorneys' Eyes Only Materials, or any brief or declaration that excerpts, summarizes, or otherwise discloses the content of such Confidential Materials or Confidential-Attorneys' Eyes Only Materials. However, without such an Order, all documents that are filed or lodged with the Court that attach or disclose the contents of Confidential Material or Confidential-Attorneys' Eyes Only Materials shall be placed in a sealed envelope with a copy of the title page attached to the front of the envelope that includes a statement substantially as follows:

> Confidential Information - Subject to Protective Order. This envelope contains material filed [lodged] under seal for the purpose of this action only. It shall not be opened by a person other than the Court except by Court's Order or by written stipulation of all parties filed with the Court, and is otherwise subject to the provisions of the Protective Order entered in this action on [date].

8. If, in connection with any hearing or other pretrial proceeding in open court, a party intends to offer into evidence or otherwise disclose any Confidential Material, counsel for that party shall inform counsel for the party who designated the material as Confidential Material of the intended use or disclosure. The notice shall be given as soon as practical under the circumstances in advance of such proposed action in order to permit counsel for the designating party to take such action as may be necessary or appropriate to protect such Confidential Material from improper or unfair disclosure. "Practical" as used herein shall mean no less than five business days unless the party providing notice makes a showing of good cause as to why a shorter time period was necessary and practical under the circumstances and demonstrates that the failure to give the required five day notice will not result in a failure to protect the Confidential Material.

9. If any Confidential Material or its contents is presented at, or is the subject of inquiry during, a deposition, counsel for the party designating the material as Confidential Material shall notify the deposition reporter to stamp on or otherwise permanently affix "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO

1  PROTECTIVE ORDER" to the pages of deposition testimony during which
2  Confidential Material is discussed and to bind those pages separate from the rest of the
3  transcript. In addition, counsel for the party whose Confidential Material is to be
4  disclosed or inquired into shall notify the deposition reporter to stamp or otherwise
5  permanently affix "Portions Are CONFIDENTIAL - SUBJECT TO PROTECTIVE
6  ORDER and Are Separately Bound" onto the title page of that deposition transcript.
7  That portion of the deposition that may reveal Confidential Material or its contents
8  shall be conducted (unless otherwise agreed to by counsel for all parties in writing or
9  upon the record of the deposition) under circumstances such that only the deposition
10 reporter and persons duly authorized hereunder to have access to such Confidential
11 Material, as the case may be, shall be present. Such portions of the deposition
12 transcript shall be deemed, as appropriate, Confidential Material for the purpose of the
13 Protective Order.
14       10.   Nothing herein shall be deemed to restrict in any manner the use by any
15 party or its counsel of that party's own documents or information, or those that are or
16 have been made public and shall only apply to documents produced by the opposing
17 party, or any third party pursuant to the terms of this Protective Order, not already in
18 the possession of or independently obtained by the other party. Moreover,
19 Confidential Materials may be disclosed to the author of the document or the original
20 source of the information, including employees of corporate sources.
21       11.   This Protective Order does not preclude presenting the original of the
22 transcript in its entirety to the deponent for review, correction and signing, nor does it
23 preclude delivery by the reporter of copies of deposition transcripts containing and/or
24 annexing Confidential Material, in their entirety and marked with the Confidential
25 Material Designation provided above, to counsel for parties to this Protective Order,
26 which transcripts shall then be maintained by such counsel in accordance with the
27 provisions of this Protective Order. This Protective Order is without prejudice to the
28

1  right of any party to seek modification of it from the Court with respect to any
2  specified materials.

3      12.    This Protective Order is without prejudice to the right of any party to
4  bring before the Court at any time the question of whether any particular information is
5  or is not relevant to any issue in, or to the subject matter of, this action, and such right
6  is hereby expressly reserved.  Previous designation of such information as confidential
7  pursuant to this Protective Order shall not be construed as an admission of relevance or
8  discoverability.

9      13.    Inadvertent production of a document that is later claimed to contain
10 confidential or proprietary information or is otherwise subject to the attorney-client,
11 attorney work product, or other applicable privilege or doctrine shall not be deemed a
12 waiver of the right to designate the document as Confidential Material, or a waiver of
13 any privilege or doctrine, provided that the producing party asserts such designation or
14 privilege/doctrine or protection within 15 days of the discovery of such inadvertent
15 production.  Any disclosure by the receiving party made before the designation will
16 not constitute a violation of this Order; however, nothing in this Order is intended to
17 modify whatever obligation a party receiving documents subject to a privilege or
18 doctrine may have under the applicable ethical rules.  If documents or information
19 subject to the attorney-client privilege or other applicable doctrine are inadvertently
20 produced, the recipient agrees that, upon request from the producing party, it shall
21 promptly (and, in any event, within 2 business days) return all copies of documents
22 containing the privileged documents or information, delete any versions of the
23 documents containing the information on any database or computer filing system it
24 maintains, and make no use of the privileged information.  This provision shall not
25 prevent the parties from asserting that any claimed designation or privilege is
26 inappropriate or is inapplicable with respect to such document following the return of
27 the document.
28

14. The parties shall meet and confer regarding procedures governing the use of Confidential Material or Confidential-Attorneys' Eyes Only Material at trial. Disclosure and use of Confidential Material or Confidential-Attorneys' Eyes Only Material at trial and in subsequent proceedings shall be governed by the terms of an Order to be entered by the Court at the appropriate time, or by applicable law should no Order be obtained.

15. Upon termination of this action (including any appeals), all Confidential Material, produced in this action, including all reproductions, notes and transcriptions made of such material shall, upon demand by the party that produced it, be returned to counsel for the party that produced it within 60 days' of such demand. The party returning the Confidential Materials upon demand by the party that produced it, shall certify to the party that produced the Confidential Materials in writing that all such information has been destroyed or returned; provided that nothing herein shall obligate the party returning the Confidential Materials to destroy any pleading, deposition, transcript, trial/arbitration exhibit, or work product prepared or used in this action, but the Confidential Materials contained therein shall continue to be treated as Confidential Materials in accordance with the terms of this Order.

16. The terms of this Protective Order shall survive and remain in full force and effect after the termination of this action.

SO ORDERED.

Dated: 9/13/11

HONORABLE STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

8
[PROPOSED] ORDER
la-1139887

Case 2:10-cv-02255-GW-PJW  Document 214  Filed 09/13/11  Page 10 of 10  Page ID #:4142

# EXHIBIT A

The undersigned acknowledges that (s)he has read the Stipulated Pretrial Protective Order entered in this action by the United States District Court for the Central District of California, that (s)he understands its terms, that (s)he is one of the persons contemplated in Paragraphs 2 or 5 of the Order as authorized to receive disclosure of Confidential Material and/or Confidential – Attorneys' Eyes Only Material, and that (s)he agrees to be bound by that Stipulated Protective Order.

The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

Name:_____

Organization: _____

la-1139887